**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SAMANTHA JEAN BACHYNSKI,

      Petitioner,                 Civil No. 2:09-CV-10058
                                     HONORABLE MARIANNE O. BATTANI
v.                              UNITED STATES DISTRICT JUDGE

HEIDI WASHINGTON,

      Respondent,
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

      Samantha Jean Bachynski, ("petitioner"), presently confined at the Scott

Correctional Facility in Plymouth, Michigan, seeks the issuance of a writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  In her *pro se* application, petitioner

challenges her sentence for second-degree murder, M.C.L.A. 750.317;

carjacking, M.C.L.A. 750.529a; two counts of armed robbery, M.C.L.A. 750.529;

and two counts of felony-firearm, M.C.L.A. 750.227b.  For the reasons stated

below, the petition for writ of habeas corpus is **SUMMARILY DENIED.**

### I. Background

      Petitioner pleaded no contest to the above offenses in the Genesee County

Circuit Court.  Petitioner was sentenced to two hundred and seventy six to nine

hundred months in prison on the second-degree murder conviction, two hundred

and twenty five to six hundred months on the armed robbery and carjacking

1

convictions, and received a consecutive two year prison sentence on the felony-firearm convictions.  Petitioner's convictions and sentences were affirmed on appeal. *People v. Bachynski,* No. 285403 (Mich.Ct.App. July 24, 2008); *lv. den.* 757 N.W. 2d 471 (2008).

Petitioner now seeks the issuance of a writ of habeas corpus on the following ground:

> The trial court erred in the scoring of offense variables 6, 7, and 10 and resentencing is required.

## II.  Discussion

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); *See also Hamby-Bey v. Bergh,* No. 2008 WL 3286227, * 1 (E.D. Mich. August 7, 2008); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be

2

determined from the petition itself without consideration of a return by the state.
*Allen v. Perini,* 424 F. 2d 134, 141 (6th Cir. 1970)(district court has duty to screen
out any habeas corpus petition which lacks merit on its face).

After undertaking the review required by Rule 4, this Court concludes, for
reasons stated in greater detail below, that petitioner's sentencing claim does not
entitle her to habeas relief, such that the petition must be summarily denied. *See*
*McIntosh v. Booker,* 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

Petitioner contends that the trial court incorrectly scored Offense Variables
6, 7, and 10 of the Michigan Sentencing Guidelines.

Petitioner's sentence of two hundred and seventy six to nine hundred
months for second-degree murder, two hundred and twenty five to six hundred
months for armed robbery and carjacking, and the consecutive two year sentence
for felony-firearm were within the statutory limits for these offenses under
Michigan law.  A sentence imposed within the statutory limits is not generally
subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v.*
*Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).  A sentence within the
statutory maximum set by statute does not normally constitute cruel and unusual
punishment. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000).  Claims which
arise out of a state trial court's sentencing decision are not normally cognizable
on federal habeas review, unless the habeas petitioner can show that the
sentence imposed exceeded the statutory limits or is wholly unauthorized by law.

3

*See Lucey v. Lavigne,* 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).

It is well-established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)(*quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).  Petitioner's claim that the state trial court incorrectly scored or calculated her sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003); *See also Adams v. Burt,* 471 F. Supp. 2d 835, 844 (E.D. Mich. 2007); *Heiser v. Lafler*, No. 2006 WL 2827396, * 2 (E.D. Mich. September 29, 2006); *McPhail v. Renico,* 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006).  Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining her sentence. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005); *See also Lovely v. Jackson,* 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004).  Petitioner's claim that the offense variables of the Michigan Sentencing Guidelines were incorrectly scored thus fails to state a claim upon which habeas relief can be granted. *Heiser,* No. 2006 WL 2827396, * 2; *Shanks,* 387 F. Supp. 2d at 752*; Cook,* 56 F. Supp. 2d at 797.  "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004).  Any error by the trial court in calculating petitioner's guideline score or in departing above her sentencing

4

guidelines range alone does not merit habeas relief. *Id.*

### III. Conclusion

For the reasons stated, the Court concludes that petitioner is not entitled to federal habeas relief on the claim contained in her petition.  Accordingly, the Court the petition for writ of habeas corpus is summarily denied with prejudice.

Before petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U . S.C. § 2253(c)(2).  When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination.

*See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002); *See also Hamby-Bey v. Bergh,* No. 2008 WL 3286227, * 3 .  The Court finds that it is presently in the best position to make a COA ruling.  Having considered the matter, the Court concludes that petitioner has not made a substantial showing of the denial of a constitutional right as to her habeas claim.  The Court therefore denies a certificate of appealability.

Lastly, the Court concludes that petitioner should not be granted leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous. *See* Fed. R.App. P. 24(a).  Accordingly, the Court also DENIES petitioner leave to proceed *in forma pauperis* on appeal.

## IV. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **SUMMARILY DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

s/Marianne O. Battani
**HONORABLE MARIANNE O. BATTANI**
**Dated: 1/13/09**           **UNITED   STATES   DISTRICT JUDGE**

6

**CERTIFICATE OF SERVICE**

I certify that a copy of this opinion and order was mailed/e-filed to all parties on this date.


Date: 1/13/09                                    s/Colette Motowski
                                                 Colette Motowski, secretary to
                                                 Hon. Marianne O. Battani
                                                 313-234-2625